## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JOSEPH DAVID TURNER, *for himself and a parent of I.T.*,

Plaintiff,

v.

STATE OF MINNESOTA and SARA L. GREWING, *in her official capacity as Presiding Judge, Judicial Branch, Family Court, Ramsey County*,

Defendants.

Civil No. 16-3962 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT & RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Joseph David Turner, P.O. Box 18502, Minneapolis, MN 55418, *pro se*.

Kathryn Iverson Landrum, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for defendants.

Plaintiff Joseph David Turner filed this civil rights action against the State of Minnesota (the "State") and Ramsey County District Judge Sara L. Grewing (collectively, "Defendants").[1] Turner's claims arise out of his dissatisfaction with child custody proceedings in state court. Defendants filed a motion to dismiss, and in a Report and Recommendation ("R&R"), United States Magistrate Judge Franklin L. Noel recommended granting the motion because the State is entitled to Eleventh Amendment

---

[1] The complaint also named two other Defendants – Ramsey County and Judge Grewing's former law clerk – both of whom have since been dismissed from the case with prejudice upon stipulation of the parties. (*See* Order for Dismissal with Prejudice, Apr. 7, 2017, Docket No. 25 (dismissing Ramsey County); Order for Dismissal with Prejudice, July 7, 2017, Docket No. 66 (dismissing former law clerk Hilary Hannon).)

immunity and Judge Grewing is entitled to judicial immunity.  Because Defendants are entitled to immunity, the Court will adopt the R&R and dismiss Turner's complaint with prejudice.

## BACKGROUND

On November 21, 2016, Turner filed a civil-rights complaint alleging that various events that occurred during a state-court proceeding to determine the custody of his son violated Turner's Fourteenth Amendment rights to due process and equal protection. (Compl. ¶¶ 13, 16-23, Nov. 21, 2016, Docket No. 1.)

On March 20, 2017, Defendants filed a motion to dismiss for failure to state a claim and lack of jurisdiction.  After briefing and a hearing, on June 7, 2017, the Magistrate Judge issued an R&R recommending dismissal of the complaint because Judge Grewing is entitled to absolute judicial immunity and the State is entitled to Eleventh Amendment immunity.  (R&R at 4-6, June 7, 2017, Docket No. 29.)

On June 20, 2017, Turner filed a letter to the Court accompanied by a number of exhibits.  (*See* Obj. to R&R, June 20, 2017, Docket No. 30; Sealed Exhibits, June 20, 2017, Docket Nos. 31-59; Audio CD, June 20, 2017, Docket No. 60.)  In the letter, Turner states before the hearing on Defendants' motion to dismiss, Turner "was told not to file evidence with [the] complaint," because "it was not the right time," but he was concerned that his evidence had not received "thoughtful consideration."  (Obj. to R&R at 1.)  Turner also provided citations to statutes and cases to support his argument that Judge Grewing is not entitled to judicial immunity.  (*Id*. at 1-3.)  Turner filed a second

letter two days later, containing no legal arguments, with two additional exhibits attached.  (Sealed Letter to District Judge, June 22, 2017, Docket No. 63.)  The Court construes Turner's letter filed June 20, 2017 as an objection to the R&R.

## ANALYSIS

### I.    STANDARD OF REVIEW

Upon the filing of a report and recommendation by a magistrate judge, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b).  "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court considers all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face."  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  To survive a motion to dismiss, a complaint must provide more than "'labels and

conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although the Court accepts the complaint's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

"A motion to dismiss pursuant to Rule 12(b)(1) challenges the Court's subject matter jurisdiction and requires the Court to examine whether it has authority to decide the claims." *Damon v. Groteboer*, 937 F. Supp. 2d 1048, 1063 (D. Minn. 2013). In a facial challenge to jurisdiction such as this, "all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In other words, in a facial challenge, the Court "determine[s] whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, and drawing all reasonable inferences in favor of the plaintiff." *Biscanin v. Merrill Lynch & Co.*, 407 F.3d 905, 907 (8th Cir. 2005) (citations omitted).

## II.    ELEVENTH AMENDMENT IMMUNITY

Turner did not object to the Magistrate Judge's recommendation that the State is entitled to Eleventh Amendment immunity. Furthermore, the Court agrees that the State is immune from suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." (quoting *Employees v. Mo. Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973))); *see also Kentucky v. Graham*, 473

U.S. 159, 169 n.17 (1985) ("[Section] 1983 was not intended to abrogate a State's Eleventh Amendment immunity."). Therefore, the Court will adopt the Magistrate Judge's recommendation on this issue.

## III.    JUDICIAL IMMUNITY

Turner argues that Judge Grewing is not entitled to immunity from § 1983 claims. Turner cites *Imbler v. Pacthman* for the proposition that judicial immunity does not protect judges from criminal prosecution "for willful deprivations of constitutional rights" under 18 U.S.C. § 242. 424 U.S. 409, 429 (1976). Turner posits that because judges are not necessarily immune from criminal prosecution for deprivations of constitutional rights, judges must also not be immune from civil suit alleging similar constitutional violations. (Objs. to R&R at 1-3.)

The Court reviews Turner's objection *de novo* and concludes that Judge Grewing is entitled to judicial immunity. Turner has sued a state-court judge because he is dissatisfied with her judicial decisions in a state-court action over which she clearly had jurisdiction; judges are entitled to absolute immunity in such situations. *See Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986) (affirming dismissal of § 1983 claims against a judge, who was entitled to absolute immunity because (1) "the acts complained of were 'judicial acts,'" and (2) the acts "were not taken in the 'clear absence of all jurisdiction'" (quoting *Stump v. Sparkman*, 435 U.S. 349, 355-57 (1978))).

## IV.    TURNER'S EVIDENCE

Turner submitted voluminous evidence to support his constitutional claims on the merits.  The Court notes that even if all of Turner's factual allegations are true, he still would not have a remedy in federal court against the State or Judge Grewing based on the immunity doctrines described herein and in the R&R.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.    The Court **OVERRULES** Plaintiff Joseph David Turner's Objections to the Report and Recommendation [Docket No. 30] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 29].

2.    Defendants' Motion to Dismiss [Docket No. 10] is **GRANTED**.  The Complaint [Docket No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  November 17, 2017                    _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                            JOHN R. TUNHEIM
                                                                      Chief Judge
                                                        United States District Court